### 17893.  MORRISON v. BECKWITH et al.

STEPHENS, J.  1.  In a petition in which the plaintiff confessedly brings an action ex contractu, where it is alleged that the contract sued upon is one by the terms of which the defendants undertook and agreed with him to act as agents in purchasing for and in behalf of the plaintiff described real estate from its owner at the lowest price at which the property could be purchased, and that the consideration "moving towards said contract" was the commission which the defendants would receive from the seller as compensation for the negotiation of the sale and the purchase by the plaintiff of the land, and where there is not alleged any promise by the plaintiff to the defendants to purchase the land, and where there is not alleged any act performed by the plaintiff as a consideration for the defendants' alleged promise to obtain the land for him at the lowest price at which it could be purchased, the alleged contract is void as lacking in consideration.  An offer afterwards made by the plaintiff through the defendants to the owner to purchase the land, or an agreement to this effect made by the plaintiff through the defendants, is not an act or promise on the part of the plaintiff constituting a consideration for the defendants' alleged promise.

2. The petition, wherein the plaintiff sought to recover damages from the defendants for an alleged breach of the contract in failing to comply with their promise to obtain the land for him at the lowest price at which the property could be purchased, failed to set out a cause of action, and was properly dismissed on demurrer.

          *Judgment affirmed.  Jenkins, P. J., and Bell, J., concur.*

                    DECIDED MARCH 3, 1928.

Breach of contract; from Chatham superior court—Judge Meldrim.  December 27, 1926.

*Lewis A. Mills,* for plaintiff.

*William M. Farr, Henry McAleer,* for defendants.

---

Brokers, 9 C. J. p. 517, n. 76; p. 552, n. 66 New.